ALDRIDGE VS HIGHTOWER.

*Points as to the trial of cases of forcible entry and detainer.*

1. Proceedings commenced before justices of the peace, on forcible entry and detainer—when removed into an appellate Court, must be tried upon the record, without a declaration or jury.
2. The justice before whom such proceedings are had, has no right to enter upon his minutes, other evidence than such as is made the ground of exceptions.
3. Such proceedings, when removed to an appellate Court, must be tried upon an assignment of errors : and where there is none, the judgment will be affirmed.
4. So, if proceedings, commenced before a justice of the peace, are removed to the Circuit Court, and from thence into the Supreme Court, and the record shows no assignment of errors in the Circuit Court, and only such are assigned here, as arise upon the record of proceedings before the justice—the judgment will be affirmed

Aldridge was summoned at the suit of Hightower, to answer before a justice of the peace of Autauga County, upon a complaint of forcible entry and detainer.

On the trial before the justice, a jury was impannelled, who rendered a verdict against Aldridge ; and he took the case, by *certiorari*, into the Circuit Court.

The justice of the peace, who tried the case, sent up with the proceedings, a writing in the nature of a bill of exceptions—stating that the plaintiff in the case before him, had offered in evidence, his title

deed to the premises upon which the entry and de-tainer had been committed ; and that, notwithstand-ing defendant's objection, he had admitted it : and for a reason for thus admitting the title deed in evi-dence, he stated that defendant denied, that the plain-tiff ever had possession of the premises, and the deed was to show that they had been sold, conveyed and delivered to the plaintiff.

The only entry in the Circuit Court was a judg-ment of affirmance of the justice's decision, upon a motion that the justice should amend his return.

The defendant took a writ of error to this Court, and assigned, for cause of reversal—

1st. That there was error in the admission of the title deed of the said Hightower, as evidence, to the jury, as stated in the record.

2nd. That the justice of the peace erred in not rejecting the said deed, on the motion of the plaintiff in error.

3rd. That the Court erred, in not reversing the justice's judgment, for the cause above assigned.

*Peck*, for the plaintiff in error—*Clarke*, contra.

HOPKINS, C. J.—It has frequently been decided by this Court, that the proceedings before justices of the peace, in cases of forcible entry and detainer, must, according to the statute law which authorises them, be treated as records, when certified to an ap-pellate Court.—That, when such a case is removed into an appellate Court, the trial must be had upon the record without a declaration, or the intervention of a jury.* [*Al. Rep. 98; 2 Stew. R. 496.]

The justice of the peace has no authority to enter on his minutes, any other evidence that was received or rejected, than such, the admission or rejection of which, was excepted to.*

*2 Stewart 474—ib 26; Aik. Dig. 205.

Such a case, then, can only be heard, in an appellate Court, upon an assignment of errors. An assignment is in lieu of a declaration, and without one the judgment must be affirmed.†

†10 Viner's Ab. 25.

In this case, it does not appear from the record, that any error was assigned in the Circuit Court of Autauga County. The errors assigned here are upon the record of the proceedings before the justice of the peace, and such as might have been assigned in the Circuit Court. But this Court can take no notice of questions, which were not raised by an assignment of errors in that Court. And as no error was assigned there, the judgment of the Circuit Court is affirmed.

GOLDTHWAITE, J., not sitting.