## MURRAY *vs.* WILLIAMS.

1. The proceedings of a justice of the peace, in a case of forcible entry and detainer, can only be reviewed in the Circuit court, on such errors, as the attention of the court is called to by an assignment,—and an omission to make one, is fatal.

Error to the Circuit court of Russell county.

Forcible entry and detainer. This case was brought by *certiorari*, to the Circuit court, where the judgment, rendered on the verdict of the jury, by the justice, was overruled, without an assignment of errors. The writ of error was sued out to reverse the judgment of the Circuit court.

*Geo. Goldthwaite*, for the plaintiff in error.
*Phelan*, contra.

*Goldthwaite*, for plaintiff, contended—that there was no error in the record of the justices court; and that an assignment of errors in the Circuit court was indispensable, to enable it to review the decision of the magistrates court: and to this effect, cited, Collier vs. The State—(2 Stewart, 388;) Barr vs. White—(2 Porter, 346;) Aldridge vs. Hightower—(4th Porter, 418.)

GOLDTHWAITE, J.—Process of forcible entry, was issued by a justice of the peace, at the suit of the plaintiff, against the defendant in error, who, on the trial of

Murray *vs.* Williams.

the cause, was found guilty. He sued out a writ of *certiorari* to the Circuit court, which reversed the proceedings, without any assignment of errors. To reverse this judgment of reversal, the writ of error is now prosecuted; and the plaintiff in error assigns for error, the omission of an assignment, in the court below.

The proceedings of the justice of the peace could only be reviewed in the Circuit court, on such errors as the attention of the court was called to by an assignment, and the omission to make one, is a fatal defect. This question was so determined in the case of Aldridge vs. Hightower—(4 Porter, 418.)

Let the judgment of the Circuit court be reversed, and the cause remanded for further proceedings.